**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**CHERYL L. GOFF,**

        **Petitioner,**

**v.**                                              **Civil Action No. 1:11CV185**
                                                    **Criminal Action No. 1:09CR21**
                                                      **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

        **Respondent.**

**REPORT AND RECOMMENDATION THAT § 2255 MOTION BE DENIED**

**I. INTRODUCTION**

On October 21, 2011, Cheryl L. Goff ("Petitioner") initiated this habeas corpus action pursuant to 28 U.S.C. § 2255. On that same date, Petitioner was sent a Notice of Deficient Pleading advising her that she needed to file her petition on the court-approved form. On December 12, 2011, Petitioner filed her petition on the court-approved form and attached a memorandum in support of her claims. On February 21, 2012, the Government filed a Response in Opposition to Petitioner's motion. On March 21, 2012, the Court granted Petitioner's Request for Leave to Respond to Any Argument of the Government, which it construed as a Motion for Extension of Time, and gave Petitioner until April 18, 2012 to file a reply. Petitioner, however, did not file a reply.

**II. FACTS**

**A.**     **Conviction and Sentence**

On February 19, 2009, Petitioner was indicted for conspiracy to possess with intent to distribute more than five grams of cocaine base, in violation of §§ 846, 841(a)(1) and 841(b)(1)(B), and maintaining a drug involved premises, in violation of 21 U.S.C. § 856(a)(1). After a three-day jury trial, on May 14, 2009, Petitioner was convicted of one count of

conspiracy to possess with the intent to distribute and one count of maintaining a drug-involved premises. On September 16, 2009, Petitioner was sentenced to 262 months' imprisonment on the conspiracy count and 240 months' imprisonment on the count for maintaining a drug-involved premises, to run concurrently.

**B.     Appeals**

Petitioner filed a Notice of Appeal on September 21, 2009. On appeal, she argued that 1) the evidence was insufficient to support her convictions, and that 2) the district court abused its discretion in imposing her sentence. On December 10, 2010, the Fourth Circuit affirmed Petitioner's conviction and sentence. United States v. Goff, Nos. 09-4876, 09-4883, 2010 WL 5066025 (4th Cir. Dec. 10, 2010).

**C.     Federal Habeas Corpus**

Petitioner asserts her conviction should be set aside based on prosecutorial misconduct because the government:

- a.     Failed to make a timely disclosure of forensic evidence and
- b.     Improperly admitted statements she made against her co-Defendant.

Petitioner also asserts she should be afforded habeas relief based on ineffective assistance of counsel because:

- a.     Counsel refused to allow her to testify
- b.     Counsel failed to inform Petitioner that she would be sentenced as a career offender and failed to object to a sentence enhancement based on her career offender status
- c.     Counsel failed to call a witness to testify
- d.     Counsel failed to object to a conflict of interest

2

The Government contends these arguments lack merit because both of Petitioner's prosecutorial misconduct claims were addressed by the Fourth Circuit on direct appeal and because her attorney's conduct did not fall below an objective standard of reasonableness.

**D.     Recommendation**

Based upon a review of the record, the undersigned recommends that Petitioner's § 2255 Motion be denied and dismissed from the docket because Petitioner's claims are without merit.

### III. ANALYSIS

**A.     Petitioner's Burden of Proof**

"A petitioner collaterally attacking his sentence or conviction bears the burden of proving his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255. A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States, No. 2:02CR65, 2006 WL 36859, at *2 (E.D.Va. Jan. 4, 2006).

**B.     Procedural Default**

The Court finds Petitioner is not procedurally barred from raising claims of ineffective assistance of counsel in her present § 2255 motion. It is well settled that issues previously rejected on direct appeal may not be raised in a collateral attack. Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir. 1976). Constitutional errors that were capable of being raised on direct appeal but were not may be raised in a § 2255 motion so long as the petitioner demonstrates 1) "cause" that excuses his procedural default, and 2) "actual prejudice" resulting from the alleged

error. United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994). Claims of ineffective assistance of counsel not raised on direct appeal and raised on collateral attack do not require a "cause and prejudice" showing because these claims are more appropriately raised on collateral attack than on direct appeal. See United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096 (2000); White v. United States, No. 5:03CV02084, 2006 U.S. Dist. LEXIS 45122, at *7-8 (S.D. W.Va. June 20, 2006).

**C.     Ineffective Assistance of Counsel**

Claims of ineffective assistance of counsel are measured under a two-part analysis outlined in Strickland v. Washington, 466 U.S. 668, 687 (1984). First, Petitioner must show that his counsel's performance fell below an objective standard of reasonableness. Id. at 688. In reviewing claims of ineffective assistance of counsel, "judicial scrutiny of counsel's performance must be highly deferential," and the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 689-90. Second, the petitioner must demonstrate he was prejudiced by counsel's performance. In order to demonstrate prejudice, "the defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. If the defendant shows no prejudice from the alleged ineffectiveness of counsel, courts need not address counsel's performance. Fields v. Attorney Gen. of Maryland, 956 F.2d 1290, 1297 (4th Cir.), cert. denied, 506 U.S. 885 (1992).

**D.     Claims**

    **a.     Prosecutorial Misconduct**

Petitioner first claims that her sentence should be vacated because the prosecution committed misconduct when it failed to timely disclose forensic evidence and when it offered statements she made against her co-Defendant. Although Petitioner does not clearly delineate what forensic evidence she is referring to in her petition, the trial transcripts indicate that the results of a fingerprint analysis done on a baggie containing over twenty-one grams of cocaine were not disclosed to the defense until cross examination at trial, and presumable this is the evidence Petitioner is referring to. Trial Tr. 228-43. Similarly, Petitioner does not specify what statements she is referring to, but presumably they are the same ones mentioned in her co-Defendant's direct appeal– the statements she made admitting that she knew Defendant Green and had used drugs with him. Goff, Nos. 09-4876, 09-4883, 2010 WL 5066025, at * 3. As a rule, "reversible prosecutorial misconduct generally has two components: that (1) the prosecutor's remarks or conduct must in fact have been improper, and (2) such remarks or conduct must have prejudicially affected the defendant's substantial rights so as to deprive the defendant of a fair trial." United States v. Chorman, 910 F.2d 102, 103 (4th Cir. 1990) (internal quotations omitted), however, before evaluating the merits of Petitioner's prosecutorial misconduct claims, the Court must determine which of Petitioner's issues she may bring in her § 2255 claim and which are procedurally barred.  In order to collaterally attack a conviction or sentence based on errors that could have been but were not pursued on direct appeal, Petitioner must show 1) cause that excuses her procedural default, and 2) actual prejudice resulting from the alleged error. United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994). In this case, although Petitioner's co-Defendant Green raised the issue of prosecutorial misconduct on direct appeal and also raised the issue of admission of statements of a co-Defendant on direct appeal, Petitioner herself only

argued that there was insufficient evidence to support her convictions and that the district court abused its discretion in imposing her sentence. These issues were clearly known to Petitioner at the time of her direct appeal since her co-Defendant raised them and Petitioner does not make any claim that information was obtained after trial or appeal that makes these claims newly discovered or novel. Therefore, Petitioner could have raised these claims on direct appeal and there is no cause to excuse this procedural default. Therefore, Petitioner has defaulted these claims, which bars collateral review.

Furthermore, although the procedural default alone is enough to end this Court's inquiry, there is no evidence this alleged prosecutorial conduct was prejudicial to Defendant. As to the non-disclosure issue, counsel objected to the alleged misconduct during the trial, and as the district court noted at the time, "the prejudice, to the extent there is any– or the error in this case by the Government is harmless in the sense that the prejudice to the defendant is not fatal." Trial Tr. 242. When Defendant Green raised this issue in his direct appeal, the Fourth Circuit agreed and stated that Green cannot show any prejudice from the untimely production of the fingerprint analysis. Although these statements were made regarding Defendant Green's assertion of prosecutorial misconduct, the same lack of prejudice holds true with respect to Petitioner's assertion of misconduct, and, if anything would make a stronger case that there is no prejudice since Green wanted fingerprint evidence in an attempt to undercut her argument that he was the one always in supply of the cocaine base. Petitioner has failed to show what argument she would have made with this fingerprint information, and so her argument is weaker than Defendant Green's. Accordingly, this Court must dismiss Petitioner's claim as without merit. As to Petitioner's claim that the admission of her statements about co-Defendant Green were

prejudicial, there is no evidence to support his claim either. Defendant has provided no evidence as to what the statements were, let alone whether those statements were facially incriminating. In the absence of any supporting evidence, this claim must fail. It appears that Goff is making an attempt to raise the same issues that her co-Defendant Green raised in his direct appeal via her § 2255 petition, thereby gaining for herself a second bite at the apple, but this is not an action that is procedurally permitted.

**b.      Ineffective Assistance of Counsel**

**Claim One: Counsel's refusal to allow her to testify**

Petitioner argues that she received ineffective assistance of counsel because her attorney advised her not to testify at trial. As a general rule, there is a strong presumption that counsel's conduct falls within a "wide range of reasonable professional assistance." Strickland, 466 U.S. at 694. Furthermore, "the advice provided by a criminal defense lawyer on whether his client should testify is a paradigm of the type of tactical decision that cannot be challenged as evidence of ineffective assistance." Carter v. Lee, 283 F.3d 240, 249 (4th Cir. 2002)(internal quotation marks omitted). Here, Petitioner has offered no evidence that her counsel merely strongly advised- as opposed to coerced- her not to testify. Accordingly, this Court must find that counsel was not ineffective on the basis presently alleged. See United States v. Laureano, 2006 U.S. Dist. LEXIS 78227, at * 6-10 (D.S.C. Oct. 25, 2006). Furthermore, even if Petitioner could establish that her counsel was ineffective for advising her against testifying, the Court finds Petitioner has failed to show how she was prejudiced by her counsel's advice. Petitioner has offered no evidence in her § 2255 petition as to what testimony she would have offered if she testified at trial and how this would have placed doubts in the minds of the jurors. See United States v.

Terry, 366 F.3d 312, 318 (4th Cir. 2004). She has not shown how her conviction or sentence would have been different if she had given testimony. Accordingly, this Court finds that Petitioner's claim is without merit.

### Claim Two: Counsel's Failure to inform Petitioner of her career offender status and his failure to contest her career offender sentencing enhancement

Next, Petitioner argues that her attorney's representation fell below an objective standard of reasonableness because he failed to inform her of her status as a career offender. However, this Court finds that this argument lacks merit. Within the Presentence Report, the probation officer determined that Petitioner was a career offender pursuant to U.S.S.G. § 4B1.1. Then, at Petitioner's sentencing hearing, the district court asked Petitioner whether she had reviewed the Presentence Report and had gone over it with her attorney. She responded that she had, and when asked whether she was satisfied that he had it explained it all to her an answered her questions, she again responded yes. Sent. Hr'g Tr. 83. Her attorney also confirmed for the Court that he met with her and reviewed the Initial Presentence Investigation Report with her. Sent. Hr'g Tr. 83. Given this record, it is clear that Petitioner was informed that she was assigned career offender status. Even assuming that the sentencing hearing was the first time she was informed of her career offender status, as the Court stated at the sentencing hearing, Fourth Circuit case law states that "defendants don't need to receive notice prior to any enhancement of their sentence based on a career offender– the career offender issue." Sent. Hr'g Tr. 85. Furthermore, even if Petitioner could show that her counsel's performance was deficient for not explaining her career offender status to her sooner, she has still offered this Court no evidence to show how this resulted in prejudice. At no point in her petition has she argued that had she known about the possibility of being assigned a career offender status, she would have pleaded

8

guilty to the charges. Without such evidence, Petitioner has failed to meet the prejudice prong as well, and this Court must find that her claim is without merit.

Petitioner also argues that her attorney also failed to object to the sentence enhancement based on her status as a career offender, and because of this, she was denied effective assistance of counsel. This claim is also without merit. At Petitioner's sentencing hearing, her attorney reiterated that he objected to the application of the career offender enhancement and vigorously argued this point before the district court. He alternatively argued for a downward departure or a variance due to the severity of the sentence that would result with the career offender enhancement and based on the specifics of this case. Sent. Hr'g Tr. 84. Accordingly, this Court finds Petitioner's claim is without merit.

**Claim Three: Failure to subpoena Witness to Testify**

Petitioner next argues that counsel's performance fell below that of an objectively reasonable attorney because he failed to call witness Jovohna Cosby to testify. As a general rule, when claims such as these are raised, the Court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Furthermore, in order to be successful in her claim that a certain witness should have been called, Petitioner is under an obligation to describe the testimony that the witness would have given at trial, and how it would have changed the jury's verdict. Evans v. Cockrell, 285 F.3d 370, 377 (5th Cir. 2002)("for [Petitioner] to demonstrate the requisite Strickland prejudice, [she] must show not only that [the] testimony would have been favorable, but also that the witness would have testified at trial."(citations omitted). Furthermore, "[c]omplaints of uncalled witnesses are not favored in federal habeas corpus review because allegations of what the

witness would testified are largely speculative." Id. In this case, counsel's conduct did not fall below an objective standard of reasonableness merely because he made the tactical decision not to call a certain witness. Furthermore, even if this conduct could be considered ineffective assistance, Petitioner has offered no evidence to show that this conduct prejudiced her. She has not submitted an affidavit or any other kind of evidence to demonstrate that this witness would have testified in a way to help her case, much less changed the minds of the jurors. Accordingly, Petitioner's claim must be dismissed as without merit.

**Claim Four: Failure to Recognize a Conflict of Interest**

Petitioner's final claim is that counsel's representation was deficient because he failed to object to her co-Defendant's representation by Attorney Brian Kornbrath, who was also the attorney for one of the confidential informants in an unrelated matter before the inception of these charges. The Sixth Amendment guarantees an accused the right to effective assistance of counsel, and an essential aspect of this right is the right to an attorney "unhindered by conflicts of interest." Mickens v. Taylor, 240 F.3d 348, 355 (4th Cir. 2001). See also Cuyler v. Sullivan, 446 U.S. 335, 345 (1980). Although in other ineffective assistance of counsel claims, Petitioner, under Strickland, must show that her attorney's conduct was so deficient that he ceased to function as counsel within the meaning of the Sixth Amendment and that the deficient performance prejudiced her defense, in cases in which there is an actual conflict of interest, "[p]rejudice is presumed...if the defendant demonstrates that counsel 'actively represented conflicting interests' and that 'an actual conflict of interest adversely affected his lawyer's performance. Strickland, 466 U.S. at 692 (quoting Cuyler, 446 U.S. at 348)(internal quotations omitted). In this case, Petitioner is unable to show that an actual conflict of interest adversely

effected her attorney's performance. Here, although Petitioner alleges that a conflict-of-interest existed, attorney Kornbrath did not represent the confidential informant and Petitioner's co-Defendant at the same time, he only represented the confidential informant in a separate, unrelated proceeding that predated Petitioner's trial. In addition, the conflict does not relate to Petitioner and her attorney; the conflict only relates to the co-Defendant and his attorney, so no actual conflict has been created for Petitioner. Additionally, even if Petitioner could show that her attorney was acting under a conflict of interest, she has not provided the Court with any information showing that her defense was prejudiced as a result of her attorney's failure to object to this conflict. Petitioner has submitted no evidence to indicate how the alleged conflict of interest effected her case, such as precluding counsel from a possible defense, and accordingly, this Court must find that Petitioner's final claim is without merit.

## IV. RECOMMENDATION

For the reasons stated above, the undersigned recommends that Petitioner's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence be **<u>DENIED</u>**.

On or before **May 3, 2012**, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objections are made and the basis for such objections. A copy of any objections shall also be submitted to District Judge Irene M. Keeley. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. upon such recommendation. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985): <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner and counsel of record, as applicable.

DATED: April 19, 2012            /s/ James E. Seibert
                                 JAMES E. SEIBERT
                                 UNITED STATES MAGISTRATE JUDGE